# IN RE: ESTATE OF TENCREDA

Case No. 88-407 CP

Nineteenth Judicial Circuit, St. Lucie County

April 25, 1989

## APPEARANCES OF COUNSEL

**Angeline G. Weir,** for Personal Representative

**Mark S. Matthews,** for Surviving Spouse

## OPINION OF THE COURT

SCOTT M. KENNEY, Circuit Judge.

### ORDER ON ELECTIVE SHARE

This Matter was heard on the First Amended Petition For Determination of Elective Share filed by Julia M. Tencreda. The Court has considered the First Amended Petition, Response, stipulations, record and argument of counsel.

Mrs. Tencreda is the surviving spouse of the decedent. She decided to request an elective share of the estate under § 732.201, Fla. Stat., *et seq.* The issue is whether expenses of administration are deductible when determining the value of the assets from which the elective share is paid?

Even though no claims have actually been filed in this case, the parties have agreed to certain items being valid claims against the estate and deductible from its value. They also have now agreed that the family allowance received by Mrs. Tencreda is not deductible.

The surviving spouse contends only those claims agreed to by the parties and not administration expenses should be deducted. In support thereof she cites § 732.207(1), Fla. Stat. and the definition of "claims" found in § 731.201(4), Fla. Stat. There are no mortgage or other liens to be considered in this case relative to computation of value.

The Personal Representative contends that such a construction of the statute is too restrictive and ignores expenses necessary to properly administer this estate as set forth in the Response. She also notes this is not the only inconsistency in Florida's probate code. Further, she argues it thwarts Paragraph I of decedent's will which directs that all such expenses first be paid prior to any distribution.

Neither counsel could cite to the Court any appellate authority on this issue. They both said the Court would have to do its best to construe this statute and the probate code. The Court also did not find any Florida appellate authority on this issue.

However, the Court, on its own, did take a historical look at this section of the probate code. When the code was substantially revised in 1974, § 732.201, Fla. Stat. (1974) provided that the elective share would be paid from the "net distributable estate" after deducting payments for taxes, claims, family allowance, exempt property and expenses of administration. It has been noted that provision was contrary to the prior statute dealing with dower, Fenn and Koren, *The 1974 Probate Code-A Marriage of Convenience,* 27 Univ. Fla. L. Rev. 1, 37 (Fall 1974).

When the probate code was again revised in 1975 there was a substantial change in the elective share provisions, including how the amount was to be computed. Section 732.207, Fla. Stat. (1975) explicitly deleted any consideration of administration expenses in making that computation.

Further, it is noted the 1975 amendments also changed the definition of "claims." Section 732.201(4), Fla. Stat. (1975) specifically provided that claims did not include expenses of administration. The 1974 definition set forth in § 731.201(2), Fla. Stat. (1974) made no mention of administration expenses.

Based upon the foregoing, the Court concludes that § 732.207(1), Fla. Stat. does not include expenses of administration when determin-

ing the claims to be deducted in computation of the value of estate assets relative to an elective share.

The Personal Representative also argues that such a construction would thwart decedent's specific directions in his will. However, the statutory elective share and its predecessor concepts of dower and courtesy were designed to protect a surviving spouse from testamentary and other arrangements made by the deceased spouse. Therefore, even though Paragraph I of the instant will contains standard language found in most wills relative to payment of claims and expenses and may not have been made for the specific purpose of defeating Mrs. Tencreda's election, the Court concludes it cannot be construed to reduce what she is otherwise entitled to receive under the statutes. Although a testator's intentions should be followed, they cannot contravene a positive or settled rule of law. Generally 18 Fla. Jur 2d, *Decedent's Property,* Sections 365, 367.

It is thereupon,

ORDERED AND ADJUDGED as follows:

1. The First Amended Petition For Determination of Elective Share is granted.

2. In computing the total value of the estate assets from which the elective share shall be paid, the Personal Representative shall deduct only those valid claims against the estate as defined in § 732.201(4), Fla. Stat. and not the expenses of administration.

3. Jurisdiction is reserved to determine such other matters as may be proper, including attorneys' fees and costs.

DONE AND ORDERED at Fort Pierce, St. Lucie County, Florida, this 25th day of April, 1989.